The **WILLIAMSBURG CARE COMPANY, L.P.,**
**Petitioner,**

v.

**Jesusa ACOSTA, et al., Respondents**

**No. 13–0576**

Supreme Court of Texas.

OPINION DELIVERED: March 6, 2015

Rehearing Denied June 26, 2015

Gavin Joe Gadberry, Underwood Law Firm, P.C., Amarillo, for Amicus Curiae American Health Care Association and Texas Health Care Association.

Gavin McInnis, Marynell Maloney Law Firm, PLLC, San Antonio, for Other interested parties Juan Saucedo, Individually, and Melissa Rodriguez, Antonio Rodriguez and Raymond Rodriguez, Individually and as All Heirs of Mary Esther Rodriguez, Deceased.

David Harris, Roy R. Barrera III, Shawn Christopher Golden, Golden & Barrera, P.C., San Antonio, for Petitioner The Williamsburg Care Company, L.P.

Byron Miller, Gavin McInnis, Marynell Maloney, Marynell Maloney Law Firm, PLLC, San Antonio, for Respondents Jesusa Acosta, et al.

PER CURIAM

The outcome of this case is controlled by our opinion in *Fredericksburg Care Co. v. Perez*, 461 S.W.3d. 513, 2015 WL 1035343 (Tex.2015). Both cases, along with a third case styled *Fredericksburg Care Co. v. Lira*, 461 S.W.3d. 529, 2015 WL 1026224 (Tex.2015) (per curiam), involve the question of whether a federal law, the McCarran–Ferguson Act (MFA), 15 U.S.C. §§ 1011–1015, exempts Texas Civil Practice and Remedies Code section 74.451 from being preempted by the Federal Arbitration Act, 9 U.S.C. §§ 1–16. The court of appeals consolidated this case with *Perez* and *Lira* for oral argument, and issued identical opinions (except for changing the identities of the parties) holding that the MFA exemption from preemption applied to section 74.451. 406 S.W.3d 711, 723 (Tex.App.–San Antonio 2013). We hold today in *Perez* that section 74.451 was not a law enacted for the purpose of regulating the business of insurance and thus does not qualify for the MFA exemption from preemption. *Perez*, 461 S.W.3d at 529. The trial court should have granted the motion to compel arbitration. *Id.*

Accordingly, we grant the petition for review in this case, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand this case to the trial court to proceed in a manner consistent with our opinion in *Perez*, 461 S.W.3d 513.