# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0577
════════════

THE FREDERICKSBURG CARE COMPANY, L.P., PETITIONER,

v.

BRENDA LIRA, AS REPRESENTATIVE OF THE ESTATE OF
GUADALUPE QUESADA, DECEASED, RESPONDENT

════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
════════════════════════════════════════════════

**PER CURIAM**

The outcome of this case is controlled by our opinion in *Fredericksburg Care Co. v. Perez*, __ S.W.3d __ (Tex. 2015). Both cases, along with a third case styled *Williamsburg Care Co. v. Acosta*, __ S.W.3d __ (Tex. 2015) (per curiam), involve the question of whether a federal law, the McCarran-Ferguson Act (MFA), 15 U.S.C. §§ 1011–1015, exempts Texas Civil Practice and Remedies Code section 74.451 from being preempted by the Federal Arbitration Act, 9 U.S.C. §§ 1–16. The court of appeals consolidated this case with *Perez* and *Acosta* for oral argument, and issued identical opinions (except for changing the identities of the parties) holding that the MFA exemption from preemption applied to section 74.451. 407 S.W.3d 810, 822 (Tex. App.—San Antonio 2013). We hold today in *Perez* that section 74.451 was not a law enacted for the purpose of regulating the business of insurance and thus does not qualify for the MFA exemption from

preemption. *Perez*, __ S.W.3d at __. The trial court should have granted the motion to compel arbitration. *Id.*

Accordingly, we grant the petition for review in this case, and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand this case to the trial court to proceed in a manner consistent with our opinion in *Perez*, __ S.W.3d __.

OPINION DELIVERED: March 6, 2015